**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

WILLIE BANKS, JR.,
ADC # 078633                                                                    PETITIONER

v.                                    5:15CV00089-SWW-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction[1]                                        RESPONDENT

**<u>PROPOSED FINDINGS AND RECOMMENDATIONS</u>**

**<u>INSTRUCTIONS</u>**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence to be proffered at the new hearing (if such a hearing is granted) was

---

[1]Petitioner misspelled Ms. Kelley's name in his pleading. The Clerk of the Court shall modify the docket to reflect the correct spelling.

not offered at the hearing before the Magistrate Judge.

   3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

   From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I. INTRODUCTION

   Mr. Banks believes his constitutional rights are being violated.  He says he is entitled to a "transfer hearing" as of February 26, 2015.  (Doc. No. 2 at 4.)  He seeks a court order requiring the Arkansas Department of Correction (ADC) to give him a hearing.  (*Id.* at 5.)

## II. BACKGROUND

   Pulaski County juries convicted Mr. Banks of two violent crimes within a year.  (Doc. No. 4.)  His first conviction was for a rape he committed on February 12, 1998.  *Banks v. State*, 2001 WL 1544497 (Ark. App. Dec. 5, 2001).  The Arkansas Court of Appeals recited the evidence at trial as:

> . . . while at [Mr. Banks's] brother's house, [Banks] grabbed her by the hair, threw her against the wall, and began beating her in the face. He threw her on the bed, turned off the lights, and told her to shut up or he would hit her in the head with a pistol. He made her take off her clothes, and then he made her perform oral sex on him. He also attempted to have intercourse with her, but he was unable to maintain an erection. The victim testified that [Banks] placed his penis, as well as his fingers, in her vagina. [Banks] then made the victim perform oral sex again, and he ejaculated in her mouth. The victim spit the semen into a trash can, where it was retrieved by the police.

*Id.* at *2.

His second conviction arose from acts Mr. Banks committed while on pretrial release. On January 21, 1999, he "committ[ed] first-degree battery by stabbing his girlfriend eight times with a knife during an argument at a gas station." *Banks v. State*, 2001 WL 1626930 at *1 (Ark. App. Dec. 19, 2001). Mr. Banks was sentenced to 480 months' imprisonment for the rape (Doc. No. 4-2) and 720 months' imprisonment for the first-degree battery. (Doc. No. 4-5.)

Mr. Banks appealed both convictions to the Arkansas Court of Appeals and both were affirmed. (Doc. No. 4.) He then filed a writ of mandamus with the Lincoln County Circuit Court. *Banks v. Hobbs*, 2013 Ark. 377 *1. The writ was denied, and the Arkansas Supreme Court affirmed. (*Id.*) Mr. Banks filed the current Petition on March 19, 2015.

## II.    ANALYSIS

Respondent argues that Mr. Banks's claim is not cognizable under 28 U.S.C. § 2254[2] because Mr. Banks solely asks the Court to order a hearing that will determine if he is eligible for a transfer. (Doc. No. 4.) A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also Rule 1(a)(1) of the Rules Governing Section 2254 Cases in the United States District Courts.

It is understandable that Mr. Banks might believe his rights are being violated. But the Arkansas statutes provide broad discretion to the Parole Board, the Board of Corrections, the ADC, and the Department of Community Corrections. For instance, the Parole Board is vested with discretion that they "may release on parole any individual eligible under § 16-93-601 . . . when, in its opinion, there is a reasonable probability that the prisoner can be released without detriment to

---

[2]Mr. Banks's Petition is filed on a 28 U.S.C. § 2241 form, but the Court construes it as a § 2254 petition because he is in the custody of the State of Arkansas.

the community or himself or herself." Ark. Code Ann. § 16-93-701(a)(1) (Supp. 2001) (Lexis Nexis). And the Arkansas Statutes addressing inmate transfer to the Department of Community Corrections states that "[u]pon commitment of an eligible offender to the Department of Correction, the department will transfer the eligible offender to a community punishment program, when he reaches his transfer date, in accordance with the rules and regulations promulgated by the Board of Corrections and conditions set by the Post Prison Transfer Board." Ark. Code Ann. § 16-93-1208(a)(1)(A) (Supp. 2001) (Lexis Nexis).

Arkansas Code Annotated § 16-93-1210 also expressly provides that nothing in the statutes "shall grant any offender the right to be sentenced or transferred . . . as a matter of right." Ark. Code Ann. § 16-93-1210 (Supp. 2001) (Lexis Nexis). So, nothing in the Arkansas parole statutes creates anything more than a mere possibility of parole, and the statutes do not establish any right to release on parole or transfer which would invoke due process protection. *Pittman v. Gaines*, 905 F.2d 199, 200-01 (8th Cir.1990); *Parker v. Corrothers*, 750 F.2d 653, 655-57 (8th Cir. 1984); *Robinson v. Mabry*, 476 F. Supp. 1022, 1023 (E.D. Ark. 1979). When a prisoner is committed to the custody of a state penal authority, such as the ADC, "he can be assured of only one thing – that he will be released from the State's custody at the end of the term of years specified by the sentencing court." *Richmond v. Duke*, 909 F. Supp. 626, 631 (E.D. Ark. 1995).

Moreover, as the Respondent argues, regardless of his constitutional claims, Mr. Banks is simply not yet eligible for parole. As the Arkansas Court of Appeals recited when addressing Banks's Petition for Writ of Mandamus on this identical claim:

> In his petition, appellant seemed to rely on Arkansas Code Annotated section 16–93–611 (Supp.1997) (repealed by Act 570 of 2011) to contend that the ADC should only consider his sentence on his first-degree-battery conviction in calculating his parole eligibility because it is the "controlling sentence." Section 16–93–611, as in effect on the date that appellant committed the rape offense in February 1998, provided,

4

> Notwithstanding any law allowing the award of meritorious good time or any other law to the contrary, any person who is found guilty of or who pleads guilty or nolo contendere to murder in the first degree, § 5–10–102, kidnapping, Class Y felonies, § 5–11–102, aggravated robbery, § 5–12–103, rape, § 5–14–103, and causing a catastrophe, § 5–38–202(a), shall not be eligible for parole or community punishment transfer until the person serves seventy percent (70%) of the term of imprisonment, including a sentence prescribed under § 5–4–501, to which the person is sentenced.

Appellant's argument that the introductory language of the statute supports his claim is simply erroneous. Pursuant to the statute, a person found guilty of rape must serve seventy percent of his term of imprisonment, even if he is eligible for an award of meritorious good time.

*Banks v. Hobbs*, 2013 Ark. 377 at *1-2.

The good time credit Mr. Banks accumulated from serving his first-degree battery conviction does not excuse the twenty-eight years of the forty-year rape sentence that he is statutorily required to serve. Therefore, Mr. Banks is not eligible for parole until 2027. Accordingly, his Petition must be dismissed.

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      The Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED without prejudice, and the requested relief be DENIED.

DATED this 21st day of May, 2015.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE